THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| UNITED STATES OF AMERICA, | CASE NO. CR17-0111-JCC |
|---|---|
| Plaintiff, | ORDER |
| v. | |
| JESSICA L. ASHBY, | |
| Defendant. | |

This matter comes before the Court on Defendant Jessica Ashby's objection (Dkt. No. 53) to the denial by the Honorable James P. Donohue, United States Magistrate Judge (Dkt. No. 51) of her motion to reopen the detention hearing (Dkt. No. 35). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and OVERRULES Ashby's objection for the reasons explained herein.

## I. BACKGROUND

On April 8, 2017, Judge Donohue ordered Ashby detained pending trial. (Dkt. No. 17.) Judge Donohue noted that Ashby has ongoing mental health and substance abuse issues; has no real support structure in her life; has a history of failures to appear; has ties to Mexico; and engaged in drug trafficking even after her arrest on state drug charges. (*Id.* at 1-2.) He concluded that "no conditions or combination of conditions other than detention . . . would reasonably assure the appearance of defendant as required or ensure the safety of the community." (*Id.* at 2.)

On June 8, Ashby brought a motion under 18 U.S.C. § 3142(f) seeking to reopen the detention hearing. (Dkt. No. 35.) Ashby alleged that she was overcoming her methamphetamine addiction, wished to complete a 26-day drug treatment plan, and would move in with her aunt in Lake Stevens. (*Id.* at 1-2.) Ashby also noted that she had learned that her current pregnancy was high-risk due to a condition called placenta previa. (*Id.* at 2.)

Judge Donohue ordered the parties to supplement the record regarding the ability of the Federal Detention Center (FDC) to manage Ashby's high-risk pregnancy. (Dkt. No. 41 at 1-2.)

At the hearing, Judge Donohue stated that he would not reexamine the issues of community safety and Ashby's previous failures to appear. (*See* Dkt. No. 56, Exhibit 1) (recording of detention hearing). Instead, he limited his consideration to the issue of whether the FDC could appropriately manage Ashby's pregnancy. (*Id.*) The parties presented argument on this issue. (*Id.*) Judge Donohue ultimately concluded that the FDC could provide adequate medical care and denied Ashby's motion to reopen the detention hearing. (*Id.*)

Ashby now objects to that denial. (Dkt. No. 53.)

## II. DISCUSSION

### A. Standard of Review

A district judge may refer any non-dispositive matter for a magistrate judge to determine. Fed. R. Crim. P. 59(a). A party may object to a magistrate judge's order. *Id.* The district judge must consider such objections and set aside any part of the order that is contrary to law or clearly erroneous. *Id.*

### B. Analysis

Ashby maintains that Judge Donohue committed error by refusing to reassess the 18 U.S.C. § 3142(g) release factors except for the FDC's ability to provide adequate medical care regarding Ashby's pregnancy. (Dkt. No. 53 at 3.) Ashby alleges that, "[u]nder 18 U.S.C. § 3142(f)(2), the court was required to consider all of the defendant's newly offered information" to determine whether it was new and material. (*Id.*)

However, Ashby does not show that § 3142(f)(2) places such a mandate on the Court. This provision states that "the hearing *may* be reopened . . . if the judicial officer finds that [new and material] information exists." 18 U.S.C. § 3142(f)(2) (emphasis added). The permissive language indicates that the Court is not required to consider the information or even to reopen the hearing if it makes such a finding. *Cf. United States v. Rodgers*, 461 U.S. 677, 706 (1983) ("The word 'may,' when used in a statute, usually implies some degree of discretion[, but t]his common-sense principle of statutory construction . . . can be defeated by indications of legislative intent to the contrary or by obvious inferences from the structure and purpose of the statute."); *United States v. Ranes*, 48 F.2d 582, 584 (9th Cir. 1931) (reasoning that "the word 'may' is usually permissive, not mandatory," especially when contrasted with the word "shall").

Section 3142 uses the word "shall" in other sub-provisions, further suggesting that § 3142(f)(2) is permissive. *See, e.g.*, 18 U.S.C. § 3142(a) ("Upon the appearance before a judicial officer of a person charged with an offense, the judicial officer shall issue an order that, pending trial, the person be [released or detained]."); 18 U.S.C. § 3142(g) ("The judicial officer shall, in determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, take into account the available information concerning [the following] . . . ."). Ashby cites no authority to show otherwise. She does not demonstrate that Judge Donohue's decision was contrary to law or clearly erroneous.

Thus, the Court concludes that Judge Donohue properly limited the issues when determining whether to reopen the detention hearing. His conclusion that the FDC could provide adequate medical care is supported by the record. His decision stands.

### III.  CONCLUSION

For the foregoing reasons, Ashby's objection (Dkt. No. 53) is OVERRULED. The Court AFFIRMS Judge Donohue's denial of her motion to reopen the detention hearing.

//

DATED this 22nd day of August, 2017.

John C. Coughenour
UNITED STATES DISTRICT JUDGE